UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:16-cv-80393-BB

TRIAXIAL MEDICAL, INC.,
a Florida corporation,

    Plaintiff,

v.

INTERNET BRANDS, INC.,
a Delaware corporation,

    Defendant.

_____/

## INTERNET BRANDS, INC.'S ANSWER TO COMPLAINT

Defendant, Internet Brands, Inc., answers Plaintiff, Triaxial Medical, Inc.'s Complaint for Copyright Infringement as follows:

### JURISDICTION AND VENUE[1]

1. Admitted only that Plaintiff has attempted to state a claim for copyright infringement, but denied that it has done so, for the reasons expressed, inter alia, in Internet Brands' affirmative defenses.

2. Internet Brands does not challenge subject matter jurisdiction in this Court.

3. Denied that diversity jurisdiction exists, particularly because the jurisdictional threshold is not satisfied where Plaintiff's claims have no merit.

4. Internet Brands is not challenging venue.

---

[1] We incorporate Plaintiff's headings for frame of reference only and not as an admission.

1

5. These allegations are denied, but Internet Brands is not challenging personal jurisdiction or venue.

6. Internet Brands is not challenging personal or subject matter jurisdiction.

## THE PARTIES

7. Without knowledge.

8. Admitted only that Internet Brands is a Delaware corporation. Denied as to all remaining allegations in this paragraph.

9. Denied. Internet Brands specifically denies, for the reasons expressed in its affirmative defenses, that Plaintiff's materials are copyrightable, and that Internet Brands offered them to others for financial gain. Therefore, the premise for this allegation is false.

## THE COPYRIGHT

10. Admitted only that Plaintiff attached various copyright registrations to its Complaint, but denied that any are valid.

11. This allegation cannot be properly addressed because the alleged "Works" are not defined. Rather, Plaintiff defines in the preceding paragraph all of the alleged works identified in its copyright registrations as the "Work." Accordingly, Internet Brands admits only that the copyright registrations attached as Exhibit A to the Complaint contain titles and purported dates of creation and publication. Internet Brands denies the validity of those copyrights.

12. Internet Brands is without knowledge concerning the first sentence. Internet Brands denies the second sentence, and, like all of the allegations not admitted herein, demands strict proof thereof.

13. Internet Brands is without knowledge of these allegations.

14. Denied. Internet Brands specifically denies that the alleged Work is original in accordance with the requirements of the U.S. Copyright Act.

15. Internet Brands is without knowledge of these allegations.

### **DEFENDANT'S ALLEGED USE OF THE WORK**

16. Denied

17. Denied. Internet Brands specifically denies that Plaintiff owns any of the rights of copyright in connection with the alleged Work.

18. Denied

19. Admitted only that portions of the alleged Work may, at some point in time, have appeared on Internet Brands' website, but denied that any authorization from Plaintiff was required.

20. These allegations are not intelligible as phrased and Internet Brands denies them. Internet Brands admits only that it licenses legal content for websites.

21. Denied

22. Denied

23. Denied

24. Denied

25. Internet Brands denies that it had access to the alleged Work in accordance with the U.S. Copyright Act, and demands strict proof thereof.

26. These allegations consist of inflammatory rhetoric and should be stricken from the Complaint. In any event, Internet Brands denies them.

27. Denied

28. Denied

29. Denied, and specifically denied that any authorization from Plaintiff is required.

30. Denied

31. Denied

32. Denied

33. Denied

34. Denied

35. Denied

36. Denied

37. Denied

38. Denied

39. Denied

40. Internet Brands is without knowledge of this allegation.

41. Denied

42. Internet Brands has no knowledge about Plaintiff's alleged losses, but denies that it is responsible in any way for same.

43. Denied

## COUNT I – FEDERAL COPYRIGHT INFRINGEMENT

44. Internet Brands reasserts its answers to nos. 1-43 as though set forth in full herein.

45. Internet Brands admits only that Plaintiff identifies itself as the owner of the alleged Work that is the subject of the copyright registrations attached to the Complaint.

46. Internet Brands denies these allegations and demands strict proof thereof.

47. Internet Brands admits only that Plaintiff identifies itself as the owner of the alleged Work that is the subject of the copyright registrations attached to the Complaint.

48. Denied

49. Denied

50. Denied

51. Denied

52. Denied

53. Denied

54. Denied

55. Denied

56. Denied

57. Denied

58. Denied

## AFFIRMATIVE DEFENSES

1. **Lack of Originality**. The alleged Works that are the subject of Plaintiff's copyright infringement claim are entirely unoriginal and, therefore, the U.S. Copyright Registrations issued for these works are invalid and unenforceable.

2. **Merger**. The alleged Works upon which Plaintiff's copyright infringement claim is based are not eligible for copyright protection under the merger doctrine because there are so few ways to express the ideas embodied in the alleged Works that the ideas and inseparably connected, and thus merge, with Plaintiff's alleged expression.

3. **Scenes a Faire**. The alleged Works upon which Plaintiff's copyright infringement claim is based are not eligible for copyright protection under the scenes a faire

doctrine because Plaintiff's alleged expressions are so commonly associated with or naturally flow from the theme or subject of the alleged Works that they lack originality and are not eligible for copyright protection.

4. **Fair Use**. To the extent any portion of the alleged Works that are the subject of Plaintiff's copyright registrations were used, Internet Brands is protected by the fair use doctrine as set forth in 17 U.S.C. § 107 and federal case law interpreting that statute and such use is not an infringement of copyright.

5. **Non-infringement**. The accused works are not substantially similar to the alleged Works that are the subject of Plaintiff's copyright registrations and thus there is no claim for copyright infringement.

6. **Statute of Limitations**. Plaintiff's claims are barred by the statute of limitations under 17 U.S.C. § 507.

7. **Statute of Repose**. Plaintiff's claims are barred by the statute of repose.

8. **Failure to Mitigate Damages**. The allegations in the Complaint date back many years, and Plaintiff did not undertake reasonable measures to mitigate its damages.

9. **Unclean Hands**. Plaintiff has unclean hands because, with knowledge of the alleged infringement, it failed to timely seek to enforce any rights it may have concerning the alleged copyrights.

10. **Waiver and Acquiesence**. Plaintiff's claims are barred by the doctrines of waiver and acquiesence.

11. **Failure to Protect**. Plaintiff's claims are barred in that Plaintiff failed to take reasonable steps to protect its purported intellectual property rights.

12. **First Sale Doctrine**. To the extent Plaintiff seeks to recover Internet Brands' profits from downstream sales of allegedly infringing copies, Plaintiff's claims are barred by the first sale doctrine.

**Prayer for Relief**

Defendant, Internet Brands, denies that Plaintiff is entitled to any of the relief requested in its Complaint.

WHEREFORE, Internet Brands requests judgment on Plaintiff's Complaint as follows:

(a)  That Plaintiff take nothing by way of the Complaint, and that the Complaint be dismissed with prejudice;

(b)  That Internet Brands recover its attorneys' fees and costs under 17 U.S.C. § 505; and

(c)  For such other and further relief as the Court deems appropriate.

Respectfully submitted on April 8, 2016 by:

*/s/ Matthew S. Nelles*
Matthew S. Nelles
Florida Bar No.009245
E-mail: mnelles@broadandcassel.com
BROAD AND CASSEL
One Financial Plaza, Suite 2700
Fort Lauderdale, Florida  33394
Telephone: (954) 764-7060
*Counsel for Internet Brands*

## **CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that on the 8th day of April, 2016, I electronically filed the foregoing with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                      */s/Matthew S. Nelles*
                                                      MATTHEW S. NELLES